**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GARY MCKINLEY,

    Petitioner,

vs.

STATE OF NEVADA and WARDEN ROBERT LEGRAND,

    Respondents.

Case No. 2:12-cv-01090-APG-NJK

**O R D E R**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1), respondent's motion to dismiss ground 5 (#10), petitioner's opposition (#18), and respondent's reply (#19). The court does not agree with either of respondent's contentions, and the court denies the motion.

    After a jury trial in state district court, petitioner was convicted of three counts of sexual assault. Ex. 23 (#13). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 33 (#14). Petitioner then filed in state district court a post-conviction habeas corpus petition and two supplements. Ex. 35 (#14), Ex. 37 (#14), Ex. 42 (#15). The state district court denied the petition. Ex. 44 (#15). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 48 (#15). Petitioner then commenced this action. The court dismissed the State of Nevada and two grounds from the petition (#1). Order (#5).

    Petitioner titled ground 5 as a claim that he was denied the effective assistance of trial counsel and appellate counsel after the trial court denied petitioner the opportunity at sentencing to

1  express his opinions about the evidence at his trial and to present background evidence to mitigate
2  the punishment. In the body of ground 5, petitioner complains that the trial court cut him off, but he
3  does not allege what either trial counsel or appellate counsel should have done. Ground 5 is
4  identical to the claim that petitioner presented to the Nevada Supreme Court in his state habeas
5  corpus appeal. See Ex. 45, at 25-26 (#15). The Nevada Supreme Court ruled:

> Second, McKinley argues that trial counsel was ineffective for failing to object to the trial court's decision to cut him off during allocution. We conclude that the district court did not err in denying McKinley's claim. The district court found that McKinley was attempting to raise issues during sentencing that should be raised on direct appeal. See Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005) (we give deference to the district court's factual findings but review the court's application of the law to those facts de novo). Because these statements were unrelated to mitigation, they are not statutorily guaranteed by NRS 176.015(2)(b). Furthermore, McKinley was given an additional opportunity to allocute at sentencing. Accordingly, we do not conclude that counsel's performance was deficient in this regard.

12  Ex. 48, at 2 (#15).
13  Respondent presents two arguments about ground 5. First, to the extent that ground 5 is a
14  claim of ineffective assistance of counsel, petitioner fails to state a claim because nowhere in the
15  body of ground 5 does he allege facts indicating that counsel did give ineffective assistance.
16  Second, to the extent that petitioner is trying to present the underlying claim that the trial court
17  erred in cutting him off, ground 5 is procedurally defaulted because petitioner could have raised the
18  matter on direct appeal but did not. See Ex. 48, at 1 n.1 (citing Nev. Rev. Stat. § 34.810(1)(b)).
19  The court does not agree with respondent's first argument. Regardless of what petitioner
20  argued or did not argue, in his state habeas corpus appeal brief, the Nevada Supreme Court
21  construed petitioner's argument as a claim of ineffective assistance of counsel and ruled
22  accordingly. This court has enough information to determine whether the Nevada Supreme Court's
23  decision is entitled to deference pursuant to 28 U.S.C. § 2254(d).
24  The court also does not agree with respondent's second argument. A federal court will not
25  review a claim for habeas corpus relief if the decision of the state court regarding that claim rested
26  on a state-law ground that is independent of the federal question and adequate to support the
27  judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).
28

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).

The Nevada Supreme Court's citation of § 34.810 was a ruling in the alternative, in case petitioner was trying to present in his state habeas corpus petition the claims underlying his claims of ineffective assistance of counsel. Ground 5 is titled as a claim of ineffective assistance of counsel, and petitioner in his opposition (#18) makes clear that ground 5 is nothing more than a claim of ineffective assistance of counsel. The state habeas corpus petition was the first time that petitioner could present a claim of ineffective assistant of counsel to the state courts. See Gibbons v. State, 634 P.2d 1214, 1216 (Nev. 1981). Ground 5 is not procedurally defaulted.

Respondent notes in his reply that petitioner's opposition contains arguments about the nature of ground 5 that are not actually present in ground 5 itself. Petitioner cannot raise new habeas corpus claims in an opposition to a motion to dismiss. See Cacoperdo v. Demosthenes, 37 P.3d 504, 507 (9th Cir. 1994) (reply brief is not correct document to raise new ground for relief). New arguments, if any, in the opposition are not reason to dismiss ground 5 as pleaded in the petition, and the court has found no other reason to dismiss ground 5.

IT IS THEREFORE ORDERED that respondent's motion to dismiss ground 5 (#10) is **DENIED**.

IT IS FURTHER ORDERED that Respondent shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: September 3, 2013.

ANDREW P. GORDON
United States District Judge