# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GARY MCKINLEY,

    Petitioner,

vs.

WARDEN ROBERT LEGRAND,

    Respondent.

Case No. 2:12-cv-01090-APG-NJK

**ORDER**

Before the court are the petition for a writ of habeas corpus under 28 U.S.C. § 2254 (#1), respondents' answer (#22), and petitioner's reply (#25). The court finds that relief is not warranted, and the court denies the petition.

After a jury trial in state district court, petitioner was found guilty of three counts of sexual assault. The jury found petitioner not guilty of one count each of first-degree kidnaping, sexual assault, battery with intent to commit a crime, and open or gross lewdness.[1] The state district court convicted petitioner accordingly. Ex. 23 (#13). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 33 (#14).

While the direct appeal was pending, petitioner filed a motion for a new trial. Petitioner argued that during voir dire of the jury one of the jurors, who eventually became the foreperson, intentionally concealed that she was the victim of a crime because in deliberations she stated that she had been molested by her father. Ex. 25 (#14). The state district court held a hearing in which

---

[1] This was petitioner's second trial. The first trial resulted in a mistrial.

many of the jurors testified. The state district court believed the foreperson's testimony that she never had been molested, that at the age of 16 she had been pushed against a wall, that she might have related that incident to the other jurors, but that she never considered it a crime. Ex. 31, at 7-8 (#14). Petitioner did not appeal the denial of the motion.

After the direct appeal concluded, petitioner pursued a post-conviction habeas corpus petition in the state district court. Ex. 35 (#14). Petitioner was represented by counsel in that proceeding, and the same attorney represents petitioner in the current proceedings. The state district court denied the petition. Ex. 44 (#15). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 48 (#15).

Petitioner then commenced this action. The court dismissed grounds 3 and 4 of the petition (#1) because they were claims of error in the state habeas corpus proceedings, and such claims are not addressable in federal habeas corpus. Order (#5). Respondents moved to dismiss ground 5, and the court denied that motion. Order (#21). The answer (#22) and the reply (#25) followed.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

1  Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal
2  law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state
3  court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded
4  jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

The three remaining grounds of the petition all are claims of ineffective assistance of counsel. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Strickland expressly declines to articulate specific guidelines for attorney performance beyond generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to advocate the defendant's cause, and the duty to communicate with the client over the course

of the prosecution. 466 U.S. at 688. The Court avoided defining defense counsel's duties so exhaustively as to give rise to a "checklist for judicial evaluation of attorney performance. . . . Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Id. at 688-89.

Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight." Strickland, 466 U.S. at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

The Sixth Amendment does not guarantee effective counsel per se, but rather a fair proceeding with a reliable outcome. See Strickland, 466 U.S. at 691-92. See also Jennings v. Woodford, 290 F.3d 1006, 1012 (9th Cir. 2002). Consequently, a demonstration that counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of ineffective assistance. The petitioner must also show that the attorney's sub-par performance prejudiced the defense. Strickland, 466 U.S. at 691-92. There must be a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citations omitted).

In ground 1, petitioner claims that counsel failed to appeal the decision of the trial court on the motion for a new trial. Petitioner also claims that counsel failed to raise a claim of misconduct by the bailiff. On this issue, the Nevada Supreme Court held:

-4-

> Sixth, McKinley argues that appellate counsel was ineffective for failing to appeal the denial of his motion for a new trial on grounds of juror misconduct. Even if counsel's performance was deficient, we conclude that it did not result in prejudice. . . . A review of the December 7, 2007, evidentiary hearing reveals that no jury misconduct occurred. The district court correctly concluded that the jury foreperson did not intentionally conceal prejudicial information during voir dire. See Canada v. State, 113 Nev. 938, 941, 944 P.2d 781, 783 (1997) (explaining that with juror misconduct "the relevant inquiry is whether the juror is guilty of intentional concealment"). Accordingly, an appeal of the district court's decision would not have resulted in a different outcome.

Ex. 48, at 3-4 (#15).

A person does not have a right to representation by, or effective assistance of, post-conviction counsel. Coleman v. Thompson, 501 U.S. 722, 752 (1991), modified on other grounds by Martinez v. Ryan, 132 S. Ct. 1309 (2012); Bonin v. Vasquez, 999 F.2d 425, 430 (9th Cir. 1993). According to the Fifth Circuit, the Supreme Court of the United States has never clearly established whether the right to effective assistance of counsel extends to a motion for a new trial or to the appeal from the denial of a motion for a new trial. Graves v. Cockrell, 351 F.3d 143, 155 (5th Cir. 2003), rehearing granted on other grounds, 351 F.3d 156 (5th Cir. 2003). The history of habeas corpus actions before this court indicates the same thing. Petitioners often file in the state courts many different types of post-conviction motions pro se. Habeas corpus petitions are the obvious example, but, for the purposes of this order, motions for a new trial under Nev. Rev. Stat. § 176.515 also are common. The state district courts deny those motions without appointing counsel and, if the petitioners appeal, the Nevada Supreme Court affirms without appointing counsel. Neither the Court of Appeals for the Ninth Circuit nor the Supreme Court of the United States, on federal habeas corpus review, has ever ruled that these petitioners were deprived of counsel during the pendency of a motion for a new trial. The lack of any such rulings is a sure indicator that the right to counsel in a motion for a new trial, and thus the right to effective assistance of counsel, has not been clearly established. Without such a clear establishment, this court cannot determine that the Nevada Supreme Court's ruling was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Carey v. Musladin, 549 U.S. 70, 76-77 (2006). Ground 1 is without merit.

Ground 2 has two claims of ineffective assistance of counsel concerning petitioner's large collection of pornographic videos. At least some of the videos depicted sexual acts similar to what

petitioner did to the victim. Petitioner admitted to the police that the videos gave him ideas about sexual acts. Petitioner tried to exclude any reference to the videos during trial. Ex. 11 (#11). A detective had watched many of the videos and prepared a summary of the acts depicted. Ex. 5 (#11) (internal exhibit attached to motion in limine). Petitioner's counsel watched about 15-20 minutes of the videos and found that the detective's description was accurate. Ex. 41, at 5, 17 (#15) (transcript of post-conviction evidentiary hearing). The trial court held a hearing on the issue. The trial court allowed the detective to testify to a summary of the acts depicted on the videos, but the trial court did not allow the videos themselves to be shown to the jury. At trial, the detective did summarize the videos. Ex. 19, at 162-64 (#12).

First, petitioner argues that trial counsel should have asked the judge to give the jury a cautionary instruction that was specific to the videos. On this issue, the Nevada Supreme Court held:

> Third, McKinley argues that trial counsel was ineffective for failing to request a specific cautionary instruction on the limited purpose for admitting the pornographic video summary. We conclude that the more general cautionary instruction found in jury instruction nineteen was sufficient to put the jury on notice of the video summary's limited purpose. Accordingly, counsel's performance was not deficient.

Ex. 48, at 2 (#15). Instruction nineteen stated:

> Evidence which tends to show that the defendant committed offenses other than that for which he is on trial, if believed, was not received and may not be considered by you to prove that he is a person of bad character or to prove that he has a disposition to commit crimes. Such evidence was received and may be considered by you only for the limited purpose of proving: (1) the motive of the defendant to commit the offense charges in this case and/or (2) the intent of the defendant in regard to the offense charged in this case and/or (3) the lack of consent on the part of the victim in this case. You must weigh this evidence in the same manner as you do all other evidence in the case.

Ex. 21a (#13). The instruction that petitioner argues counsel should have requested was:

> You are about to hear testimony that the defendant had videos of sexual nature that relate to acts not charged in this case. I instruct you that the testimony is being admitted only for the limited purpose of being considered by you on the question of the defendant's intent, method preparation or knowledge and for no other purpose. He has a Constitutional right to have whatever literature or videos he wants at his home.

Petition, at 12 (#1).[2] Other than the mention of the Constitution, there is little more than stylistic difference between the two instructions. The Nevada Supreme Court reasonably could have concluded that trial counsel did not perform deficiently by not asking for this instruction.

Second, petitioner argues that trial counsel should have requested the trial judge to watch the videos before ruling upon their admissibility. On this issue, the Nevada Supreme Court held:

> Fourth, McKinley argues that trial and appellate counsel were ineffective for failing to properly challenge the trial court's admission of a summary of the pornographic videos before the trial court actually viewed the contents of the videos. Counsel's performance was not deficient. In fact, counsel successfully limited the admission of the pornographic videos to a summary of their content and only to the extent that the summary met the requirements of NRS 48.045(2). Furthermore, McKinley has failed to present evidence that any portion of the summary was either inaccurate or inadmissible under NRS 48.045(2). Accordingly, counsel had no further grounds on which to object to the admission of the summary or request a rehearing on McKinley's direct appeal. . . .

Ex. 48, at 2-3 (#15) (citations omitted). Counsel confirmed that the detective's summary of the videos was accurate. Ex. 41, at 17 (#15). Counsel also had a strategic reason for not including copies of the videos with his motion in limine:

> When I had filed this motion I did not attach copies of these videos, because based upon my reading of the first trial I didn't feel that Mr. McKinley got a particularly fair trial the first time around and I was worried about harming his odds at the second time around in front of Judge Glass. So I did not include copies of these videos, because I felt that if Judge Glass were to see these videos the second trial would be more difficult than the first one had been for Mr. McKinley.

Id. Counsel's calculation was sound. Again, the summary of the videos was accurate, and the jury heard only the summary of the videos. At best, asking the judge to watch the videos would have been a waste of time because the jury never would have seen the videos. At worst, counsel's fears would have been realized and the trial might have had a worse outcome for petitioner. The Nevada Supreme Court reasonably applied Strickland. Ground 2 is without merit.

As noted above, the court has dismissed grounds 3 and 4.

---

[2]In citing to the petition, the court uses the page numbers generated by the electronic filing system. The page numbers on the petition itself skip some numbers, and in one case they run backwards. However, based upon reading the petition, it appears that the pages themselves are all present and in the correct order.

Ground 5 is a claim that counsel provided ineffective assistance at sentencing because counsel did not object when the trial judge cut off petitioner's allocution. On this issue, the Nevada Supreme Court held:

> Second, McKinley argues that trial counsel was ineffective for failing to object to the trial court's decision to cut him off during allocation. We conclude that the district court did not err in denying McKinley's claim. The district court found that McKinley was attempting to raise issues during sentencing that should be raised on direct appeal. . . . Because these statements were unrelated to mitigation, they are not statutorily guaranteed by NRS 176.015(2)(b). Furthermore, McKinley was given an additional opportunity to allocute at sentencing. Accordingly, we do not conclude that counsel's performance was deficient in this regard.

Ex. 48, at 2 (#15). The Supreme Court of the United States has not clearly established a right to effective assistance of counsel at a non-capital sentencing. Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006), Cooper–Smith v. Palmateer, 397 F.3d 1236, 1244 (9th Cir. 2005). Consequently, 28 U.S.C. § 2254(d)(1) bars this court from giving petitioner any relief. Musladin, 549 U.S. at 76-77. Ground 5 is without merit.

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Reasonable jurists might find debatable this court's conclusion in ground 1 that there is no clearly established right to effective assistance of counsel in a motion for a new trial. Although it appears that the Supreme Court of the United States has not so held, the Court of Appeals for the Ninth Circuit has not explicitly stated that the right has not been clearly established. Reasonable jurists might find debatable this court's conclusion in ground 2 that petitioner did not receive ineffective assistance of counsel because counsel did not insist that the trial judge watch the pornographic videos before ruling that the jury could hear a summary of those videos. The court dismissed grounds 3 and 4 because they are claims of error in the state post-conviction proceedings,

and reasonable jurists would not find that determination to be debatable.  Reasonable jurists also would not find debatable this court's conclusion that it could not grant relief on ground 5 because the right to effective assistance of counsel at a non-capital sentencing.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus (#1) is **DENIED**.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** regarding the court's determinations on grounds 1 and 2 of the petition (#1).  For all other determinations, a certificate of appealability is **DENIED**.

DATED: September 18, 2015

_____
ANDREW P. GORDON
United States District Judge